**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 25, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLYNA BUTTERWORTH,

    Defendant - Appellant.

No. 25-1433
(D.C. No. 1:24-CR-00039-GPG-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **MATHESON**, Circuit Judges.
_____

Charlyna Butterworth pleaded guilty to production and distribution of child pornography. She received consecutive sentences of 300 months in prison for production of child pornography and 132 months in prison for distribution of child pornography. Ms. Butterworth seeks to appeal her sentence, but the government has moved to enforce the appeal waiver contained in her plea agreement. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

We will enforce an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver"; (2) "the defendant knowingly and voluntarily waived [her]

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Id.* at 1325.

In her response to the motion to enforce, Ms. Butterworth conceded her appeal waiver is enforceable under this court's precedent but asserted the following argument for preservation purposes: "[H]er appeal waiver is not enforceable because, without objection by the government, the district court informed her at sentencing that she had a right to appeal." Resp. at 1. Ms. Butterworth advised the court that the Supreme Court's pending decision in *Hunter v. United States*, No. 24-1063, could undermine this court's precedent.

We abated this appeal pending *Hunter*. The Court decided *Hunter* on June 18, 2026, and the parties filed a joint status report on June 22, 2026. Through that status report, the parties recognized that the Supreme Court rejected Ms. Butterworth's preservation argument when it "held that a district court's statement at sentencing that a defendant has a right to appeal does not negate the enforceability of an otherwise enforceable appeal waiver." Joint Status Report at 1.

We lift the abatement of this appeal. Based on Ms. Butterworth's concession that her appeal waiver is enforceable under the court's pre-*Hunter* precedent and the fact that *Hunter* did not affect that precedent, we grant the government's motion to enforce the appeal waiver (Dkt. No. 19) and dismiss the appeal.

Entered for the Court

Per Curiam